# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JACQUELINE VILLEDA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GEICO CASUALTY COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:21-cv-00278-GMN-NJK <br><br> **ORDER** |

Pending before the Court is Defendant GEICO Casualty Company's ("Defendant's") Motion to Dismiss, or in the alternative, to Sever/Bifurcate and to Stay Claims for Bad Faith, (ECF No. 6). Plaintiff filed a Partial Non-Opposition to Defendant's Motion to Dismiss, (ECF No. 13), to which Defendant filed a Reply, (ECF No. 14) and an Objection, (ECF No. 15). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.   BACKGROUND**

This case arises out of Defendant's alleged refusal to pay benefits under an underinsured motorist ("UIM") policy held by Plaintiff. On July 23, 2017, Plaintiff was operating a vehicle and was struck by non-party Brandon Cunningham. (Compl. ¶¶ 8–11, ECF No. 1-1). Plaintiff alleges that she incurred permanent and disability injuries. (*Id*. ¶ 12). Additionally, she estimates approximately $300,000.00 in future medical damages. (*Id*. ¶ 13). On November 13, 2017, Plaintiff settled with non-party Cunningham and received full applicable third-party insurance policy limits in the amount of $15,000.00. (*Id*. ¶ 14).

At the time of the accident, Plaintiff was also covered under one of Defendant's insurance policies, which included UIM coverage of up to $50,000.00 per person. (*Id*. ¶ 15).

Plaintiff, at an unknown time, requested payment of her UIM benefits under the policy. (*Id*. ¶ 16). Defendants allegedly refused to make adequate payment to Plaintiff. (*Id.* ¶ 17).

In response to Defendant's refusal to adequately pay Plaintiff under the UIM Policy, Plaintiff filed the instant action in Nevada state court. (*See generally* Compl., ECF No. 1-1). The Complaint sets forth four causes of action: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) punitive damages. (*Id.* ¶¶ 27–49).

On February 19, 2021, Defendant removed the action to this Court. (Pet. Removal, ECF No. 1). Thereafter, Defendant filed the instant Motion, seeking dismissal with prejudice of Plaintiff's claims for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the covenant of good faith and fair dealing, and punitive damages. (Mot. Dismiss ("MTD") 3:21–8:2, ECF No. 6). In the alternative, Defendant requests that these claims be severed or bifurcated and stayed. (*Id.* at 1).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

## III. DISCUSSION

In the instant Motion, Defendant moves to dismiss three of Plaintiff's claims: (1) breach of covenant of good faith and fair dealing; (2) tortious breach of good faith and fair dealing; and (3) punitive damages pursuant to NRS 42.005. (MTD 2:16–23). The Court begins by addressing the contractual and tortious "bad faith" claims, before turning to the punitive damages claim.

### A. Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant argues that Plaintiff fails to assert an extra-contractual claim for relief against GEICO because Plaintiff merely alleges a dispute in violation. (MTD 3:23–27). Plaintiff does not oppose dismissing the bad faith claims; however, argues that such claims should be dismissed without prejudice. (Pl.'s Partial Non-Opposition 1:27, ECF No. 13). Defendant, in its Reply, argues that the claims should be dismissed with prejudice. (Def's Reply to MTD 2:2–

8, ECF No. 14). Because the parties agree to dismiss the bad faith claims, the Court limits its discussion to whether the claims should be dismissed with leave to amend.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Plaintiff's Complaint, in this case, may be cured by allegation of additional facts. Defendant argues that "a reading of the Complaint shows only that there is a dispute as to value;" however, does not grapple with Plaintiff's allegations in the Complaint to demonstrate a sufficient deficiency to grant dismissal with prejudice. (MTD 3:23–6:25). Upon the Court's own reading of the Complaint, Plaintiff seemingly alleges more than a mere valuation dispute. Plaintiff broadly states that "GEICO refused to make adequate payment to Plaintiff, as was required under the UIM Insurance Policy." (Compl. ¶ 17). Plaintiff, however, also claims that "GEICO failed to pay Plaintiff's UIM claim." (*Id.* ¶ 39). Read together, Plaintiff's Complaint suggests that GEICO failed to pay Plaintiff under the UIM Policy. Because Plaintiff could potentially correct the gaps in its Complaint and allege facts that demonstrate more than a valuation dispute, the Court dismisses the bad faith claims without prejudice. Plaintiff shall be

granted leave to amend the claims concerning contractual and tortious breach of the implied covenant of good faith and fair dealing.

### B. Punitive Damages

As a general rule, punitive damages are a form of relief and not an independent cause of action. *See Ngan Le v. Sentinel Ins. Co.,* No 2:14-cv-00747-APG, 2015 U.S. Dist. LEXIS 20226, 2015 WL 685215, at *2-3 (D. Nev. Feb. 17, 2015); *see also Farris v. Canyon Creek Constr., Inc.*, 126 Nev. 710, 367 P.3d 768 (Nev. 2010) ("A claim for punitive damages is not a cause of action."). Here, Plaintiff raised punitive damages as a separate cause of action in the Complaint. (Compl. ¶ 46–49). Accordingly, the Court dismisses with prejudice Plaintiff's punitive damages claim as improperly raised.[1]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**. **IT IS FURTHER ORDERED** that if Plaintiff elects to amend her claims concerning contractual and tortious breach of the implied covenant of good faith and fair dealing, Plaintiff shall have twenty-one days from the date of this Order to do so.

**DATED** this __24__ day of August, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] Because the Court grants Defendant's Motion to Dismiss, the Court need not consider Defendant's alternative request to sever/bifurcate and stay the claims. (*See generally* MTD).